UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

DAVID LACKEY, #328634,)
)
    Plaintiff,)
)
v.) No. : 2:15-CV-112-RLJ-MCLC
)
DERRICK SCHOFIELD, JASON)
WOODALL, TONY PARKER, GERALD)
MCALLISTER and BENNY TOWNSEND,)
)
    Defendants.)

## MEMORANDUM and ORDER

On March 16, 2016, Plaintiff was afforded a second opportunity to file an amended complaint to clarify which claims, if any, asserted in his civil rights complaint filed under 42 U.S.C. §1983 were independent of claims alleging violations of the settlement agreement in *Grubbs v. Bradley*, 821 F.Supp. 496 (M.D. Tenn. 1993) [Doc. 11]. (The Court determined that it lacks jurisdiction over that settlement agreement [*Id.*].) The Court cautioned Plaintiff that unless, within twenty (20) days from that date, he filed the amended complaint, his case would be dismissed without further notice to him, for failure to comply with the orders of the Court. *See* Fed. R. Civ. P. 41(b). That date has come and gone and Plaintiff has not submitted his amended complaint.

Plaintiff, however, has sent a letter to the Court requesting that he be advised of the status of his "federal hebaes" and explaining that he "wants to go home one day and [] desperately need[s] help getting there" [Doc. 12]. The only action Plaintiff has filed in this Court is this pending civil rights action (and the class action from which Plaintiff's present claims were

severed from the claims of numerous other plaintiffs).¹ Plaintiff has no federal habeas corpus petition under 28 U.S.C. § 2254 pending before this Court, before any other district court in this division, or before any district court in the State of Tennessee.² The kind of relief Plaintiff mentions in his letter is available only by filing a habeas corpus petition, as he implicitly recognizes, and not in a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (observing "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments"); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (finding that a claim attacking the duration of a state prisoner's confinement and seeking immediate or earlier release must be raised in a § 2254 petition).

To the extent that Plaintiff's letter of inquiry seeks information as to the status of the instant case, this Memorandum and Order will provide him with that information.

Be that as it may, this civil rights action will be **DISMISSED** for failure to comply with the Court's orders. *See* Fed. R. Civ. P. 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

LEON JORDAN
UNITED STATES DISTRICT JUDGE

---

¹ *Montague v. Centurion*, No. 2:15-cv-112-RLJ-MCLC (E.D. Tenn. filed Sept. 25, 2014).

² *See* U.S. Party Case Index, a national electronic database which tracks prisoner suits in federal courts. (Available at https://pacer.login.uscourts.gov/csologin!login.jsf?appurl= pacer.uspci.uscourts.gov/search, (last visited May 16, 2016; restricted to authorized users)).

2